**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 255-1718
Facsimile:  (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>DÉCOR INTERIOR DESIGN, INC., a California corporation; THE NORTH RIVER INSURANCE COMPANY, a New Jersey Corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br><br><br><br><br>Date: N/A<br>Time: N/A |

The Plaintiff, the Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund ("Plaintiff" or "Trust Fund"), acting by and through its attorneys, Christensen James & Martin, Chtd., hereby complains, asserts, and alleges as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil

actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff is administered and where the contractual obligation is to be paid.

**PARTIES**

5. The Trust Fund is an express trust created pursuant to a written agreement and declaration of trust; namely, Restated Agreement Establishing Plan for the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund, as amended ("Trust Agreement"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing "to implement…a Section 401(k) plan…for the benefit of all [covered employees]," within the meaning of ERISA, 29 U.S.C. § 1002(37), (2) and (3).

6. The Board of Trustees and the individual trustees of the Trust Fund are each a "fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), and (21), with respect to collection of contributions due to the Trust Fund and related matters.

7. Defendant Décor Interior Design, Inc. ("DID") was and/or is a California

1  corporation operating as a specialty contractor in California under License No. 974074 ("License"), having classifications of C33 Painting and Decorating, C61/D34 Prefabricated Equipment, and C-61/D63 Construction Clean-up, issued by the California Contractors State License Board.

8. At all times material herein, DID has operated from its principal place of business at 2937 East 4th Street, Los Angeles, CA 90033.

9. Defendant The North River Insurance Company ("NRIC") is a New Jersey corporation acting as a surety in the State of California that issued one or more Bonds to DID as a condition of the License, including Contractor's Bond No. 04CF606325, in the amount of $15,000, effective March 14, 2012 (the "Bond").

10. The delinquencies asserted herein owed by DID to the Trust Fund are properly payable out of the proceeds of the Bond.

11. The true names and capacities, whether partnership, individual, corporate, company, associate, or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiff at this time and said Defendants are therefore sued by fictitious names. The Plaintiff reserves the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**GENERAL ALLEGATIONS**

12. On or around May 9, 2018, DID signed an Agreement Counterpart ("Agreement Counterpart"), made effective March 14, 2017, to that certain Painters and Allied Trades District Council No. 36 Master Labor Agreement (the "MLA") executed by the Painting and Decorating Contractors Association and the District Council of Painters and Allied Trades No. 36 (the "Union"),

13. Article 1, Section 1, Paragraph C of the MLA defines work to include "Work or services pertaining to the painting of all surfaces and incidental flushing and taping of drywall."

14. Article 1, Section 10, Paragraph D of the MLA states that "any Employer signatory to this agreement who is engaged in drywall finishing shall be bound by all the terms and conditions of the Southern California Drywall Finishing Joint Agreement" ("Joint Agreement").

15. On August 20, 2021, the contracting parties to the Joint Agreement entered into a Memorandum of Understanding ("MOU") to the Joint Agreement enacting an hourly contribution obligation to the Trust Fund for each hour of covered drywall work performed, effective from October 1, 2021 forward.

16. Effective October 1, 2021, the contracting parties to the Joint Agreement and Trust Fund entered into that certain Contributing Employers Participation Agreement for Bargaining Unit Employees under the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund ("Participation Agreement").

17. By the terms of the Agreement Counterpart, MLA, Joint Agreement, MOU, and Participation Agreement (collectively, the "Labor Agreement"), DID is bound to the contribution provisions contained therein, the terms of the Trust Agreement, and the written policies and procedures adopted by the Trust Fund ("Policies").

18. The Labor Agreement has not expired, has not been terminated, and remains in full force and effect.

19. DID is an "employer" as that term is understood and defined in the Labor Agreement and Trust Agreement.

20. DID is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

21. DID is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

22. At all times material herein, the Union has been a labor organization

representing employees in the construction industry in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

23. The Labor Agreement and Trust Agreement cover and apply to all drywall and related work (as more particularly described in the Labor Agreement) performed by employees of DID.

24. At all times material herein, DID was obligated by the terms of the Labor Agreement and Trust Agreement to submit written reports to the Trust Fund and its administrative offices on a timely basis showing the identities of employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees. Further, DID promised that it would pay pension and retirement benefit contributions to the Trust Fund on a monthly basis and at specified rates for each hour worked by or paid to its employees for covered labor performed by its employees.

25. As a result of the reporting and payment obligations imposed by the Labor Agreement, the Trust Fund is an intended beneficiary of the Labor Agreement, and DID is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26. In the event that DID fails to timely remit reports and contributions to the Trust Fund, the Labor Agreement, Trust Agreement, Policies, and 29 U.S.C. § 1132(g)(2) require DID to pay, in addition to the contributions due, interest and liquidated damages to the Trust Fund at rates determined by the Board of Trustees.

27. DID has failed to fully pay all contributions owed to the Trust Fund for hours reported by DID for work performed during the period October 1, 2021 through December 31, 2021.

28. Based on the reports submitted by DID to the Trust Fund without payment, DID owes at least $3,490.04 to the Trust Fund for work performed during the period October 1, 2021 through December 31, 2021, including $783.00 in contributions and at least $42.47 in interest, $164.57 in liquidated damages and $2,500 in attorney's fees.

29. DID has not complied with the Trust Fund's demand for payments.

30. Interest and liquidated damages continue to accrue on all unpaid contributions until they are paid in full.

31. As a result of the breaches and delinquencies described herein, DID is currently indebted to the Trust Fund pursuant to the express terms of the Labor Agreement, Trust Agreement and ERISA (29 U.S.C. § 1132(g)(2)) in an unknown amount for contributions, plus accruing interest and liquidated damages and attorneys' fees and costs incurred by the Trust Fund.

32. The Trust Fund has been required to engage the law firm of Christensen James & Martin, Chtd. to enforce the obligations identified herein and have to date incurred attorneys' fees and costs totaling at least $2,500.00 as a result of DID's breaches and failures described herein. DID is responsible to pay the sums incurred by the Trust Fund for attorneys' fees and costs pursuant to the terms of the DID Labor Agreement, Trust Agreement, Policies, and 29 U.S.C. § 1132(g)(2).

33. DID is obligated to pay the Trust Fund all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs, pursuant to 29 U.S.C. § 1132(g)(2).

34. The Labor Agreement and Trust Agreement also require DID to reimburse the Plaintiff for any attorney's fees and costs incurred as a result of DID's late payment or delinquencies.

35. Plaintiff is entitled to and seeks the Court's Judgment requiring DID to pay all contributions that are owed as a result of its obligations under the Labor Agreement and Trust Agreement along with any interest, liquidated damages, audit costs, attorneys' fees, court costs and other contract damages that are subsequently determined to be owed prior to judgment.

36. Plaintiff is entitled to and seeks the Court's Order for these outstanding amounts owed in addition any additional amounts discovered by audit, after-accruing

delinquencies, and attorneys' fees and costs incurred by the Plaintiff.

37. DID is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

38. Pursuant to the terms of the Labor Agreement and the Trust Agreement, the Trust Fund has a program for the routine and regular inspection, examination, and audit of the payroll records of employers that are signatory to agreements requiring contributions to the Trust Fund.

39. The Labor Agreement and Trust Agreement require an employer to make its records available for such inspection.

40. If it becomes necessary for the Trust Fund to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreement requires the employer to reimburse the Trust Fund for all attorney's fees and costs and all audit fees incurred by the Trust Fund, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Trust Fund.

41. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the Labor Agreement, Trust Agreement, and Policies require the employer to pay to the Trust Fund the unpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees, and costs.

42. If after an audit an employer is found to owe money to the Trust Fund, the employer must pay the deficiency promptly.

43. Plaintiff is entitled to the Court's Order requiring DID to submit its records for an audit and for payment of any and all amounts determined to be owed to the Trust Fund as a result of the audit. The delinquencies asserted herein, and any additional delinquencies that may be discovered through audit, owed by DID to the Trust Fund are properly payable out of the proceeds of the Bond.

44. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiff, and are therefore jointly and severally liable for the damages set forth herein.

45. The Trust Agreement and Policies permit the Board of Trustees to require that an employer post a cash bond or fringe benefit bond issued by a reputable surety company to help insure that past, present, and future contributions are paid. The Board of Trustees has the authority to determine the amount of the bond.

46. In the event an employer refuses to provide a bond after being requested to do so, the Plaintiff may institute a lawsuit to enforce the applicable provisions of the Trust Agreement and Policies and the employer shall reimburse the Plaintiff for its attorney's fees and collection costs.

47. Based on the facts and circumstances set forth above and that a lawsuit has been filed against DID as a result of the delinquencies described herein and pursuant to the express terms of the Trust Agreement and Policies, the Board of Trustees has determined that DID must each post a fringe benefit bond or other acceptable security in favor of the Plaintiff to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, attorney's fees, and costs.

### **FIRST CAUSE OF ACTION**
[Breach of Labor Agreement & Trust Agreement – DID, DOES, ROES]

48. The Plaintiff herein restates and realleges the above allegations.

49. By the terms of the Labor Agreement and Trust Agreement, DID was required to timely and accurately remit reports and fringe benefit contributions to the Plaintiff for each hour of covered labor performed by its employees.

50. Pursuant to the Labor Agreement and Trust Agreement, DID agreed that in the event of late or non-payment of contributions, DID would each pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiff, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the Labor

-8-

Agreement, Trust Agreement or as otherwise provided by law; and (iii) all audit fees, legal fees and costs in connection therewith, whether incurred before or after litigation is commenced.

51. DID, DOES, and ROES breached the Labor Agreement and Trust Agreement by failing to comply with the terms and conditions described herein, including but not limited to failure to timely and accurately report covered labor, submit fringe benefit contributions and related damages when due, and/or complying with an audit by the Plaintiff.

52. It has been necessary for Plaintiff to engage the law firm of Christensen James & Martin, Chtd. to enforce the contractual obligations owed to the Plaintiff and collect any and all amounts due.

53. Pursuant to the Labor Agreement and Trust Agreement, DID owes the Plaintiff contributions calculated or measured by all hours of covered labor performed by its employees, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due through the date of judgment, liquidated damages, and reasonable attorney's fees, collection costs, and auditing costs incurred by the Plaintiff as a result of the breaches described herein.

54. Pursuant to the terms of the Labor Agreement, Trust Agreement, and Policies, the Plaintiff is entitled to an Order requiring DID to submit its records for a payroll compliance review for payment of any amounts determined to be due.

55. Pursuant to the terms of the Trust Agreement and Policies, the Plaintiff is entitled to an Order requiring DID to each post a fringe benefit bond to secure the payment of past, present, and future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs.

56. At all times material herein, DID, DOES, and ROES were and are the alter egos or guarantors of each other and are jointly and severally liable to the Plaintiff for any and all obligations owed under the Labor Agreement and Trust Agreement.

57. The Plaintiff is entitled to recover as damages from the Defendants any and all

-9-

benefit contributions, interest, and liquidated damages owed to the Plaintiff pursuant to the Labor Agreement and Trust Agreement.

58. Pursuant to the terms of the Labor Agreement, Trust Agreement, Policies, and ERISA, the Plaintiff is entitled to an Order requiring DID to each reimburse the Plaintiff for attorney's fees and costs incurred to enforce compliance with the Labor Agreement, Trust Agreement, and Policies.

59. Upon entry of judgment, the Plaintiff is entitled to post-judgment interest at the rates set forth in the Trust Agreement or as may be allowed by law, whichever is higher. The amount of such interest will be established by proof at trial.

## SECOND CAUSE OF ACTION
[Violation of ERISA – DID, DOES, ROES]

60. The Plaintiff herein restates and realleges the above allegations.

61. By failing to timely and accurately report and/or pay contributions to the Plaintiff and contract damages in accordance with the Labor Agreement and Trust Agreement, DID, DOES, and ROES have violated Section 515 of ERISA [29 U.S.C. § 1145].

62. In accordance with the terms of the Labor Agreement and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit fees, attorneys' fees, and costs incurred in enforcing the terms of the Labor Agreement and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

63. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiff is entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

64. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Plaintiff is entitled to such other

-10-

equitable relief as the Court deems appropriate.

65. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to its beneficiaries.

66. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its beneficiaries for past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

67. The Plaintiff is likely to prevail on the merits of its claims.

68. The Plaintiff is entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and 1132(g)(2)(E) and other applicable law affirmatively compelling DID to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiff, submit to an audit, and provide a fringe benefit bond in compliance with its obligations under the Labor Agreement, Trust Agreement, and Policies.

69. The Plaintiff is entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

### THIRD CAUSE OF ACTION
[Demand for Relief on the Bonds – NRIC]

70. The Plaintiff herein restates and realleges the above allegations.

71. NRI issued the DID Bond as a condition for DID to maintain DID's License.

72. The Plaintiff, and DID's employees who provided labor as described herein, are intended third-party beneficiaries under the Bond.

73. The delinquencies asserted herein owed by DID, and any delinquencies discovered through audit to be owed by DID, to the Plaintiff are properly payable out of the proceeds of the Bond pursuant to the express terms of any Bond Agreement and California Business and Professions Code § 7071.5.

74. The proceeds of the Bond must be paid to the Plaintiff in full or partial satisfaction, as the case may be, of DID's obligations owed to its employees and the Plaintiff

-11-

or as damages caused by DID's failure to properly act in accordance with the Labor Agreement and/or the law, subject only to the penal limit on the Bond.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For the Court's Order enjoining DID from failing to timely pay to the Plaintiff delinquent amounts described herein, discovered by audit, or as otherwise incurred in the normal course of business;

2. For the Court's Order compelling DID to deliver to the Plaintiff accurate monthly remittance reports on a timely basis detailing all covered work performed;

3. For the Court's Order affirmatively compelling DID to abide by the terms of the Labor Agreement, Trust Agreement, and Policies including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiff on a timely basis;

4. For the Court's Order requiring DID to submit its records for a payroll compliance review and for payment of any amounts determined to be due;

5. For the Court's Order requiring DID to each post a cash bond or fringe benefit bond to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs;

6. For the Court's Order awarding all contributions currently due, as well as liquidated damages, interest, audit fees, attorney's fees, and costs incurred in enforcing the terms of the Labor Agreement and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate;

7. For unpaid fringe benefit contributions in amounts to be proven at trial;

8. For damages for breach of contract in an amount to be proven at trial;

9. For an amount equal to the greater of the interest owed on the unpaid contributions or liquidated damages, in amounts to be proven at trial;

10. For accrued interest on all unpaid contributions and damages from their due dates until paid;

11. For the Plaintiff's reasonable audit fees and costs, in an amount to be proven at trial;

12. For the Plaintiff's reasonable attorney's fees, in amount to be proven at trial;

13. For the Plaintiff's costs of suit;

14. For relief against the Bond;

15. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

For such additional relief as this Court deems just and proper.

DATED this 10th day of March, 2023.

                                        CHRISTENSEN JAMES & MARTIN, CHTD.

                                        By: _/s/  Kevin B. Archibald_
                                            Kevin B. Archibald, Esq. (13817)
                                            7440 W. Sahara Avenue
                                            Las Vegas, Nevada 89117
                                            Tel: (702) 255-1718
                                            Fax: (702) 255-0871
                                            Email: kba@cjmlv.com
                                            *Attorneys for Plaintiff*